**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2845
_____

UNITED STATES OF AMERICA

v.

JUAN LUGO,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-11-cr-00068-001)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 4, 2021
Before:  JORDAN, MATEY and NYGAARD, Circuit Judges

(Opinion filed: January 11, 2021)
_____

OPINION[*]
_____

PER CURIAM

    Appellant Juan Lugo appeals from the order of the District Court denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2011, Lugo pleaded guilty to distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The District Court sentenced him to 120 months in prison, to be served consecutively to the 51-month sentence imposed for violating the conditions of supervised release in a prior criminal case. Lugo did not file a direct appeal.

After exhausting his administrative remedies within the Bureau of Prisons, in July 2020, Lugo filed his motion seeking compassionate release based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i). Lugo stated that he has numerous health conditions that increase his risk of serious complications or death if he contracts COVID-19. Specifically, he alleged that he has "moderate-severe" asthma, hyperlipidemia, prehypertension, obesity, and prediabetes. He also listed his medication regimen and provided some details of his medical history. After considering the parties' briefs, the District Court agreed that Lugo's moderate asthma diagnosis demonstrates an elevated risk from COVID-19 and establishes extraordinary and compelling reasons for compassionate release. However, the District Court denied Lugo's motion, concluding that Lugo's release was not warranted, stating that "those extraordinary and compelling reasons are outweighed by the relevant 18 U.S.C. § 3553(a) sentencing factors and the danger that Lugo poses 'to the safety of any other person or to the community.'" (Dist. Ct. Sep. 2, 2020 Order at 4 (citing 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B1.13(2)).) Lugo filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's ruling on a § 3582(c)(1)(A)(i) motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).

Because the District Court found that Lugo's asthma is sufficient to establish extraordinary and compelling reasons for compassionate release,[1] Lugo's arguments on appeal concern the District Court's weighing of other factors to deny his motion. For example, Lugo protests that the District Court relied on criminal history, including marijuana charges from when he was a teenager and contempt of court convictions relating to child support that since has been paid. He also notes that marijuana is now legal in many states. In sum, Lugo argues that the District Court should not have concluded that he is a danger to the community on his record, and that compassionate release is warranted.

We discern no abuse of discretion here. Consideration of relevant § 3553(a) factors is an explicit part of the analysis of a motion under § 3582(c)(1)(A); those factors include "history and characteristics of the defendant," "the need for the sentence imposed . . . to promote respect for the law," and "deterrence to criminal conduct." See Pawlowski, 967 F.3d at 330 (quoting 18 U.S.C. § 3553(a)(1) and (2)(A)-(B)). Moreover, as the District Court noted, consideration of whether Lugo is a danger to the community is relevant to evaluating whether granting compassionate release under § 3582(c)(1)(A) is

---

[1] The Government does not concede this point. See Appellee's Br. at 10-11. We need not address the issue in light of our disposition of this appeal.

3

consistent with Sentencing Commission policy. <u>See</u> 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13; <u>see</u> <u>also</u> <u>Pawlowski</u>, 967 F.3d at 329 n.6 (noting that, under § 3582(c)(1)(A), a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission"). In Lugo's case, the District Court considered the serious nature of Lugo's current cocaine distribution conviction, along with his significant criminal history, which also includes reckless endangerment and possession of firearms in furtherance of drug trafficking. In addition, the government pointed out that, while in custody, Lugo has been disciplined for fighting and for possessing and using narcotics amongst other infractions. Addressing deterrence of further criminal activity and promoting respect for the law, the District Court also noted the importance of the fact that Lugo committed his current offense while on supervised release. Upon consideration of the record and Lugo's arguments, we find no "clear error of judgment" in the District Court's decision made after weighing permissible factors. <u>See</u> <u>Pawlowski</u>, 967 F.3d at 330.

For these reasons, we will affirm the District Court's judgment.

4